THE PRESIDENT AND DIRECTORS OF THE STATE BANK OF ILLINOIS, plaintiffs in error *v.* GEORGE BROWN and CHARLES STEPHENS, defendants in error.

*Error to Clinton.*

A debt due to the State Bank of Illinois, is a debt due to the State, and is not barred by the statute of limitations.

THIS cause was tried at the April term, 1833, of the Clinton Circuit Court, before the Hon. Theophilus W. Smith, and a judgment rendered for the defendants, upon which the plaintiffs brought a writ of error.

J. SEMPLE, Attorney General, and A. COWLES, for the plaintiffs in error, cited,—Breese 247; Breese's Appendix 31; Madison Co. *v.* Bartlett, *Ante* 67; Bal. on Lim. 18.

SNYDER and THOMAS, for the defendants in error.

BROWNE, Justice, delivered the opinion of the Court:

This is an action of *assumpsit* brought on a note given to the plaintiffs for the use of the people of this State. The defendants pleaded the statute of limitations, to which plea the plaintiffs demurred, and the Court below overruled the demurrer and gave judgment for the defendants. The error relied on to reverse the judgment, is, that the statute of limitations does not apply to debts due the bank. In the case of Moreland and Willis *v.* The State Bank of Illinois,(1) this Court held that the directors of the bank did not act for their own benefit; and their omission and neglect did not work an injury to the State;—and at the December term, 1824, in the case of the administrators, widow, and heirs of F. Ernst, deceased *v.* The State Bank of Illinois,(2) this Court decided that a release from all debts due to this State, was a release of debt secured by mortgage to the said bank. By the

(1) Breese 203.        (2) Breese's App. 31.

statute creating the State Bank, it is declared that it shall belong to the State of Illinois. Hence it follows that the people of Illinois are the real plaintiffs, and are alone entitled to the benefit of a recovery. The president and directors are in no way benefitted or injured by the proceedings of the bank. Are the people then barred by the statute of limitations? This question though not directly before the Court, was incidentally decided in the case of Madison County v. Bartlett,(1) at the last term of this Court. The Court there say, " It is a well settled principle that a State *is* not barred by a statute of limitations, unless expressly named ;" and we see no reason to change the opinion thus expressed. The Court below therefore erred in overruling the demurrer to the defendants' plea. The judgment below is reversed with costs, and the cause remanded for further proceedings.

*Judgment reversed.*